# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0966-17T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

G.L.D.,

      Defendant-Appellant.

_____

Argued telephonically January 27, 2020 –
Decided April 24, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 07-05-0744.

G.L.D., appellant, argued the cause pro se.

Jennifer Bentzel Paszkiewicz, Assistant Prosecutor, argued the cause for respondent (Scott A. Coffina, Burlington County Prosecutor, attorney for respondent; Jennifer Bentzel Paszkiewicz, of counsel and on the brief).

PER CURIAM

Defendant G.L.D. appeals from an order denying his second post-conviction relief (PCR) petition without an evidentiary hearing. Defendant primarily claims his trial counsel and counsel on his first PCR petition were constitutionally ineffective by failing to challenge what he characterizes as the State's unconstitutional constructive amendment of the indictment and presenting testimony that he contends resulted in his conviction of offenses not charged in the indictment. Having considered the record in light of the applicable legal principles, we find no merit to defendant's arguments, and affirm.

I.

Defendant was charged in a thirteen-count indictment with sexual assault, sexual contact, and endangering-the-welfare-of-a-child offenses. The victim of the alleged offenses is defendant's stepdaughter, D.E., who was between ages ten and fifteen when the offenses occurred. The indictment alleged three of the offenses were committed on September 9, 2006, and the remaining ten offenses were committed on numerous occasions between other specified "diverse dates." The indictment further alleged the offenses were committed in Pemberton Township, and the evidence presented to the grand jury showed D.E. reported

the crimes were committed during D.E.'s visits to the Pemberton home defendant shared with D.E.'s mother.

Prior to trial, the State moved to amend the indictment to correct what were described as clerical errors. The proposed amendments narrowed the diverse dates during which it was alleged defendant committed some of the alleged offenses, and more specifically alleged defendant was D.E.'s stepfather. Defendant's trial counsel did not object to the requested amendments, and the court granted the State's motion.

Prior to trial, the State also advised defendant's trial counsel it intended to move to amend the indictment to allege some of the offenses were committed at a location outside of defendant's Pemberton residence. More particularly, the State advised D.E. had just reported one of the sexual assaults took place at a Westampton Township motel, and the State intended to move "at trial to amend the jurisdictions alleged in the indictment to include 'Pemberton Township (as it currently reads) and/or Westampton Township.'"

The State never moved to amend the indictment to include Westampton as a location of any of the alleged offenses. However, at trial, D.E. testified without objection concerning defendant's commission of a sexual assault in

A-0966-17T4

Westampton. She also testified defendant committed the offenses charged in the indictment at defendant's Pemberton residence.

Following presentation of the evidence, the judge charged the jury on the elements of the charged offenses. For each of the offenses charged in the indictment, the judge instructed the jury to determine whether defendant committed the crimes in Pemberton. The judge did not request or require the jury determine whether defendant committed any of the offenses in Westampton.

The jury convicted defendant of two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b); three counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); four counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2)(a) and (c); and four counts of third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a). The jury found beyond a reasonable doubt each offense was committed in Pemberton, as charged in the indictment.

We summarized the evidence presented at trial and affirmed defendant's convictions on his direct appeal, State v. G.L.D., No. A-4122-08 (App. Div. June 8, 2011) (slip op. at 3-10, 27). The Supreme Court denied his petition for certification, State v. G.L.D., 209 N.J. 596 (2012).

Defendant filed a PCR petition as a self-represented litigant, and he was assigned PCR counsel. In correspondence to his counsel, defendant questioned "the constitutional sufficiency of the indictment, and [his] ability to defend against the charges." He asserted the prosecutor "insert[ed] new allegations" concerning the Westampton incident, thereby "amend[ing] the indictment without re-presentment to a [g]rand [j]ury" to "circumvent" defendant's alleged "alibi."

In correspondence to PCR counsel, defendant further questioned his trial counsel's failure "to object to the amending of the indictment" and claimed the purported constructive amendment of the indictment included an allegation not presented to the grand jury—that defendant committed offenses in Westampton. Defendant advised PCR counsel that, in his view, his trial counsel failed to challenge an unconstitutional amendment of the indictment.

At a hearing on defendant's petition, his PCR counsel argued trial counsel was ineffective by failing to subpoena defendant's work records that would have established an alleged alibi, and by failing to obtain D.E.'s psychotherapy records. PCR counsel did not assert trial counsel erred by failing to object to the purported constructive amendment of the indictment to include alleged Westampton offenses. The court ordered an evidentiary hearing to determine if

5

trial counsel was ineffective by failing to subpoena the work records and obtain D.E.'s psychotherapy records.

Defendant claims his PCR counsel's brief to the court did not include the argument trial counsel was ineffective by failing to object to the purported constructive amendment of the indictment. Defendant contends he sent a pro se brief to his PCR counsel, asserting an ineffective assistance of counsel claim based on trial counsel's failure to object to the purported amendment.[1]

In response, PCR counsel advised defendant she made the "strategic decision" not to argue trial counsel should have challenged the amendment of the indictment. Instead, she believed it was better to focus on trial counsel's alleged failure to adequately cross-examine D.E. concerning her inconsistent reports about the alleged offenses; and she noted defendant's argument trial counsel should have challenged the amendment of the indictment "is an out of time argument that is barred because [it was not] raise[d] in the brief" she filed. PCR counsel advised defendant that he could submit his pro se brief to the court, but that she did "not argue claims that are not" hers. Defendant opted not to submit his pro se brief to the PCR court.

---

[1] The record on appeal does not include the pro se brief.

A-0966-17T4

Following a three-day evidentiary hearing, the PCR court determined trial counsel's failure to obtain defendant's work records and D.E.'s psychotherapy records did not constitute ineffective assistance of counsel. The court found defendant failed to demonstrate his work records, if obtained, would have supported an alibi defense to D.E.'s claims she was sexually assaulted on numerous occasions over a five-year period while spending weekends with her mother at defendant's home. The court also found defendant failed to present any evidence that if D.E.'s psychotherapy records had been obtained, they would have "impacted [her] credibility or further exculpated" defendant. The court entered an order denying defendant's PCR petition.

Defendant appealed the denial of his petition. In pertinent part, his appellate counsel argued trial counsel was ineffective by failing to challenge the indictment, and by allowing D.E. to change her testimony concerning the location of the alleged sexual assaults. We affirmed the denial of defendant's first PCR petition, State v. G.L.D., No. A-1740-13 (App. Div. Mar. 18, 2016) (slip op. at 11), "substantially for the reasons set forth" in the PCR court's written opinion, and we rejected defendant's arguments, noting they lacked sufficient merit to warrant discussion in a written opinion, id. at 1, 11. The Supreme Court denied defendant's petition for certification. State v. G.L.D., 229 N.J. 15 (2017).

A-0966-17T4

Defendant filed a pro se second PCR petition. He claimed his PCR counsel was ineffective by failing to raise meritorious claims in support of the first PCR petition. More particularly, defendant claimed his PCR counsel failed to assert his trial counsel was ineffective by failing to: challenge the sufficiency of the indictment; request a bill of particulars; and object to the State's motion to amend the indictment. Defendant further alleged PCR counsel was ineffective by failing to argue his trial counsel's purported errors, including trial counsel's failure to challenge the purported constructive amendment of the indictment, deprived him of a fair trial.

In an October 10, 2017 letter to defendant, the court noted the petition did not rely on a new rule of constitutional law that was unavailable during the pendency of the prior proceedings. See R. 3:22-4(b)(2)(A). The court further found defendant's petition did not establish a prima facie case of ineffective assistance of PCR counsel on his first petition. See R. 3:22-4(b)(2)(C). The court "determined [the petition] is without 'merit' and, therefore, denied." This appeal followed.

Defendant presents the following arguments for our consideration:

POINT I

THE STATE'S AMENDING OF THE INDICTMENT IN THIS INSTANCE CONSTITUTED AN

A-0966-17T4

IMPERMISSIBLE "CONSTRUCTIVE AMENDMENT," WHICH BROADENED THE POSSIBLE BASES FOR CONVICTION FROM THAT WHICH APPEARED IN THE INDICTMENT IN VIOLATION OF DEFENDANT'S FIFTH AMENDMENT RIGHT TO BE TRIED ONLY ON OFFENSES FOUND BY THE GRAND JURY.

A. The State's Amending Of The Indictment Constituted An Impermissible "Constructive Amendment."

B. The State's Amending Of The Indictment Does Not Constitute A Proper Variance.

POINT II

THE PCR COURT ERRED IN DENYING DEFENDANT'S SECOND PETITION FOR POST-CONVICTION RELIEF WITHOUT A HEARING BECAUSE DEFENDANT ALLEGED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF FIRST PCR COUNSEL PURSUANT TO R. 3:22-6(d); [STATE V. RUE], 175 N.J. 1 (2002); [STATE V. WEBSTER], 187 N.J. 254 (2006); AND [STATE V. HICKS], 411 N.J. SUPER. 370 ([App. Div.] 2010).

A. Legal Standard for Effective Assistance of PCR Counsel.

B. Defendant Alleged a Prima Facie Claim of Ineffective Assistance of First PCR Counsel.

C. Defendant Was Prejudiced by PCR Counsel's Failure to Advance the Improper Amending of the Indictment Issue.

POINT III

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF BOTH TRIAL AND DIRECT APPEAL COUNSELS CONSTITUTIONALLY GUARANTEED BY THE U.S. CONST., AMENDS. VI, XIV; N.J. CONST. ART. I, PAR. 10.

A.  Trial Counsel Was Ineffective.

B.  Direct Appeal Counsel Was Ineffective.

POINT IV

TRIAL COUNSEL'S NUMEROUS DECEPTIVE PRETRIAL ACTIONS VIOLATED DEFENDANT'S SIXTH AMENDMENT GUARANTEED RIGHT TO CHOOSE THE OBJECTIVE OF HIS DEFENSE [McCOY V. LOUISIANA], 548 U.S. __, 138 S. Ct. 1500, 200 L.Ed. 2d 821 (2018).

POINT V

DEFENDANT'S ACTUAL INNOCENCE IS A GATEWAY THROUGH WHICH HE MAY PASS, ALLOWING HIM TO PRESENT HIS INEFFECTIVE COUNSEL CLAIMS ON THE MERITS NOTWITHSTANDING ANY PROCEDURAL BARS.

Based on our review of the record, we are not persuaded by defendant's arguments, and we affirm.

II.

We review the legal conclusions of the PCR court de novo.  State v. Harris, 181 N.J. 391, 419 (2004).  This standard of review applies to mixed questions

10

of law and fact. Id. at 420. Where, as here, the PCR court did not conduct an evidentiary hearing, we may "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421. We apply these standards to our review of the issues raised by defendant.

A.

We first note we will not consider or address the arguments raised in Points I(B), IV, and V of defendant's brief because, as he acknowledges, they were not raised before the PCR judge. "For sound jurisprudential reasons, with few exceptions, '[we] will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'" State v. Witt, 223 N.J. 409, 419 (2015) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)). We discern no basis to depart from that well-settled principle here.

B.

In Point I, defendant argues the indictment alleged he committed all of the charged offenses in Pemberton, but the State constructively amended the indictment by introducing D.E.'s testimony he committed a sexual assault at a Westampton motel. Defendant argues the purported constructive amendment deprived him of his right to have a grand jury determine the charges and further

A-0966-17T4

deprived him of a fair trial because he was not adequately advised of the charges against him.

Defendant recognizes the State never moved to amend the indictment to allege he committed any offenses in Westampton. He claims, however, the State constructively amended the indictment by introducing evidence—D.E.'s testimony—that a sexual assault occurred at a Westampton motel. Relying on federal precedent, defendant claims an unconstitutional constructive amendment of an indictment occurs when "evidence, arguments, or the [] court's jury instructions effectively 'amend[] the indictment by broadening the possible bases for conviction from that which appeared in the indictment.'" United States v. McKee, 506 F.3d 225, 229 (3d Cir. 2007) (quoting United States v. Lee, 359 F.3d 194, 208 (3d Cir. 2004)); see also Stirone v. United States, 361 U.S. 212, 218-19 (1960).

"An indictment is constructively amended when, in the absence of a formal amendment, the evidence and jury instructions at trial modify essential terms of the charged offense in such a way that there is a substantial likelihood that the jury may have convicted the defendant for an offense differing from the offense the indictment returned by the grand jury actually charged." United States v. Daraio, 445 F.3d 253, 259-60 (3d Cir. 2006) (footnote omitted); see

12

also United States v. Thomas, 274 F.3d 655, 670 (2d Cir. 2001) (explaining an unconstitutional constructive amendment of an indictment occurs where the court's action creates "a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment"). As the court noted in McKee, where "the government can show with certainty that the jury did not convict" based on the evidence the defendant claims resulted in the constructive amendment, no reversal of the defendant's conviction is required. 506 F.3d at 231.

Here, there was no constructive amendment of the indictment to include the commission of the sexual assault in Westampton. As noted, the jury was instructed to determine whether defendant committed each of the offenses in Pemberton, and the jury determined beyond a reasonable doubt defendant committed each offense in Pemberton, as charged in the indictment. The record therefore establishes with certainty the jury convicted defendant solely of offenses committed in Pemberton, and D.E.'s testimony about the Westampton sexual assault did not result in a conviction for an offense not charged in the indictment. See ibid. For that reason alone, we reject defendant's claim he was denied a fair trial by any purported unconstitutional constructive amendment of the indictment.

A-0966-17T4

We are further unpersuaded by defendant's reliance on our Supreme Court's decision in State v. Dorn, 233 N.J. 81 (2018). In pertinent part, the Court addressed the circumstances under which an indictment may properly be amended pursuant to Rule 3:7-4. Id. at 94-96. The Court held an indictment may not be amended where "an amendment goes to the core of the offense[,] . . . where it would prejudice a defendant in presenting his or her defense," id. at 95, or where the amendment charges "a more serious offense," id. at 96. The Court's holding is inapposite here because there was no actual amendment of the indictment and no constructive amendment resulting in the jury's determination of any charges other than those in the indictment. The indictment charged defendant with committing the offenses in Pemberton, and the jury found he committed the offenses for which he was convicted in Pemberton.

We also reject defendant's claim because it is barred under Rule 3:22-5, which provides "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding, . . . or in any appeal taken from such proceedings." "[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-

A-0966-17T4

conviction review." State v. Preciose, 129 N.J. 451, 476 (1992) (citing R. 3:22-5). "[A] defendant may not use a petition for post-conviction relief as an opportunity to relitigate a claim already decided on the merits." State v. McQuaid, 147 N.J. 464, 483 (1997) (citation omitted).

On his direct appeal from the denial of his first PCR petition, defendant argued his trial counsel erred by failing to challenge the purported constructive amendment of the indictment and D.E.'s testimony about the Westampton sexual assault. He also argued the amendment and testimony resulted in a denial of his right to due process and a fair trial. We rejected the argument, finding it lacked sufficient merit to warrant discussion in a written opinion. G.L.D., No. A-1740-13, slip op. at 11. The argument we rejected is substantially similar to, if not identical to, the argument defendant currently makes in Point I of his brief on appeal. See State v. Marshall, 173 N.J. 343, 351 (2002) (explaining Rule 3:22-5 bars reconsideration on a second PCR petition of a claim that is "identical or 'substantially equivalent'" to a claim adjudicated in a first PCR petition). The argument is therefore barred under Rule 3:22-5.

## C.

In Point II, defendant argues the PCR court erred by rejecting his claim counsel on his first PCR petition was ineffective and failed to comply with Rule

3:22-6(d) by failing to argue, as requested, that trial counsel was ineffective by failing to challenge the purported constructive amendment to the indictment. Defendant claims the court therefore erred by dismissing his second PCR petition based on a finding he did not demonstrate a prima facie claim of ineffective assistance of PCR counsel.

The right to the effective assistance of counsel extends to PCR counsel. See State v. Rue, 175 N.J. 1, 18-19 (2002). To establish a prima facie claim of ineffective assistance of counsel, a defendant must demonstrate a reasonable likelihood of success under the two-prong standard established in Strickland v. Washington, 466 U.S. 668, 686 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under Strickland, a defendant first must show that his attorney's handling of the matter "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Second, a defendant must show there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Defendant argues his PCR counsel failed to comply with Rule 3:22-6(d), which requires PCR counsel "advance all of the legitimate arguments requested by the defendant that the record will support," R. 3:22-6(d), and "make the best available arguments in support of them," Rue, 175 N.J. at 19. When counsel

16

deems a claim to be meritless, counsel must still "list such claims in the petition or amended petition or incorporate them by reference." R. 3:22-6(d); accord State v. Webster, 187 N.J. 254, 257-58 (2006). The Rule also permits the submission of pro se briefs asserting a defendant's arguments. R. 3:22-6(d).

Defendant's request that his PCR counsel argue trial counsel was ineffective by failing to challenge the purported constructive amendment of the indictment went unheeded. PCR counsel did not believe the argument had merit, explained that for strategic reasons she did not believe the argument should be made, and informed defendant she would not make the argument on his behalf. In the end, PCR counsel did not make the requested argument, list it for the court, or incorporate it by reference as required by Rule 3:22-6(d). In other words, PCR counsel did not comply with the Rule's requirements.[2]

In Webster, the Court determined, under the circumstances presented, PCR counsel's failure to comply with the requirements of Rule 3:22-6(d) required a remand to the PCR court to address the omitted arguments in the first instance. 187 N.J. at 257-58. In Rue, the Court determined a remand was

---

[2] As noted, Rule 3:22-6(d) permits the filing of pro se briefs, and defendant opted not to file his pro se brief following his communications with PCR counsel. Based on the record presented, however, we do not find defendant's apparent decision not to file a pro se brief relieved PCR counsel of her obligations under the Rule.

A-0966-17T4

required where, in PCR counsel's arguments to the court, counsel "counter[ed] every one of" the claims asserted in the defendant's PCR petition, and "characteriz[ed] the entire petition as meritless." 175 N.J. at 19. The Court found, under those circumstances, it was appropriate to remand the PCR petition, assign the defendant new PCR counsel, and provide the defendant with a new hearing on the petition. Ibid.

Although defendant's PCR counsel failed to comply with Rule 3:22-6(d)'s requirements, a remand is not required. There are no disputed factual issues concerning defendant's constructive amendment argument; the indictment alleged all of the charged crimes occurred in Pemberton, and it is undisputed D.E. testified without objection about the Westampton sexual assault.

Whether the testimony resulted in an unconstitutional constructive amendment of the indictment presents a purely legal issue that we may properly decide de novo. See Harris, 181 N.J. at 419. Thus, although PCR counsel should have made the argument as required under Rule 3:22-6, we may properly decide the issue without a remand. Moreover, we have addressed the issue and determined D.E.'s testimony did not result in an impermissible constructive amendment of the indictment. As noted, the jury convicted defendant only of crimes committed in Pemberton, as alleged in the indictment. His trial counsel

18

was not ineffective by failing to make the meritless argument there was an unconstitutional constructive amendment of the indictment. See, e.g., State v. O'Neal, 190 N.J. 601, 619 (2007) (holding "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion . . . ."); State v. Worlock, 117 N.J. 596, 625 (1990) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel."). Similarly, his PCR counsel was not constitutionally ineffective by failing to make an argument, even one suggested by defendant, that lacks support in the facts or applicable law. We therefore reject defendant's claim he is entitled to either a remand or reversal of his conviction based on his PCR counsel's failure to argue his trial counsel was ineffective by failing to object to the purported constructive amendment of the indictment.

### D.

In Point III of his brief, defendant argues his trial counsel was ineffective because he failed to challenge the purported constructive amendment of the indictment, and his appellate counsel was ineffective by failing to argue, on the appeal from the denial of his first PCR petition, that PCR counsel was ineffective by failing to argue trial counsel was ineffective for not challenging the purported constructive amendment. We find the arguments are without sufficient merit to

19

warrant discussion in a written opinion for the reasons we have already explained. R. 2:11-3(e)(2).

We reiterate only defendant's claim his trial counsel erred by failing to object to the alleged constructive amendment of the complaint was addressed and rejected in our decision affirming the denial of his first PCR petition, G.L.D., No. A-1740-13, slip op. at 2-3, and, as a result, the claim is barred under Rule 3:22-5. Additionally, defendant's claims concerning trial counsel and appellate counsel are founded on a false premise—that there was an unconstitutional constructive amendment of the indictment. Neither counsel was ineffective by failing to make a meritless argument. O'Neal, 190 N.J. at 619; Worlock, 117 N.J. at 625; see also State v. Gaither, 396 N.J. Super. 508, 515-16 (App. Div. 2007) (holding appellate counsel is not "required to advance every claim insisted upon by a client on appeal"); State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (noting "appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant").

Any arguments made by defendant we have not expressly addressed are

without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0966-17T4